Carlos F. Llinás Negret (State Bar No. 52253)
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiff* Nina S. Simpson

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NINA S. SIMPSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOLLAND AMERICA LINE N.V. LLC, HOLLAND AMERICA LINE N.V., HOLLAND AMERICA LINE INC., HOLLAND AMERICA LINE – USA INC., d/b/a HOLLAND AMERICA, DOES 1 – 5,<br><br>    Defendants. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

NINA S. SIMPSON ("Plaintiff"), by and through her attorneys NELSON & FRAENKEL, LLP, files this Complaint against Defendants HOLLAND AMERICA LINE N.V. LLC, HOLLAND AMERICA LINE N.V., HOLLAND AMERICA LINE INC., HOLLAND AMERICA LINE – USA INC., doing business as HOLLAND AMERICA, owners and operators of the vessel M/S OOSTERDAM.

Plaintiff respectfully alleges as follows:

///

# INTRODUCTION

## A. The Parties

1. At all times material, Plaintiff, NINA S. SIMPSON, is and was an adult and a resident of Rochester, Vermont.

2. Defendants HOLLAND AMERICA LINE N.V. LLC, HOLLAND AMERICA LINE N.V., HOLLAND AMERICA LINE INC., HOLLAND AMERICA LINE – USA INC., doing business as HOLLAND AMERICA, (hereinafter collectively "HAL"), were and are for-profit corporations with their world-wide headquarters, principal address, and principal place of business located in Seattle, Washington. HAL was the owner and operator of the vessel M/S OOSTERDAM.

3. The full extent of the facts linking the fictitiously designated defendants, Does 1-5, with the causes of action alleged herein are unknown to the Plaintiff, and the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Does 1-5, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. The Plaintiff is informed and believes that each of the defendants designated herein as a "Doe" is negligently, wantonly, recklessly, tortuously and unlawfully responsible in some manner for the events and happenings herein referred to, and/or is strictly liable in tort for injuries and damages with respect to Plaintiff as herein alleged. Plaintiff will hereafter ask leave of Court to amend this Complaint to show said defendants' true names and capacities and to state the manner in which each fictitious defendant is so responsible when the same have been ascertained.

## B. Jurisdiction

4. This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000), and Plaintiff is a citizen of a different state than the Defendants.

5. In the alternative, this Court has jurisdiction over Plaintiff's claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

6. Federal admiralty jurisdiction extends to all navigable waters, salt or fresh, with or without tides, natural or artificial, which are in fact navigable. The term 'navigable waters' means a body of water which, in its present configuration, constitutes a highway of commerce, between the states or with foreign countries. *See Complaint of Paradise Holdings, Inc.,* 795 F.2d 756 (9th Cir. 1986) ("To invoke federal admiralty jurisdiction in tort cases, the tort must occur on navigable waters and bear a significant relationship to traditional maritime activity.").

7. At all times material, the Plaintiff's injuries occurred while she was on board a vessel on navigable waters.

### C. Venue

8. Venue is proper in the Western District of Washington pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391, and because (1) Defendants are found and transact business in this district; (2) Defendants maintain a physical presence and their principal place of business in Seattle within this district; and (3) The passenger-ticket issued to Plaintiff by HAL contains a forum selection clause, that HAL asserts requires all claims to be filed in this United States District Court.

### D. Personal Jurisdiction

9. Defendants, at all times material hereto, personally or through an agent:
    a. Maintained their principal place of business in this state and county;
    b. Operated, conducted, engaged in or carried on a business venture in this state and or county; and/or;
    c. Were engaged in substantial activity within this state; and/or
    d. Operated vessels in the waters of this state; and/or

e. Purposefully availed themselves of the benefits of conducting activities in Washington by directing their activities toward this state, thereby obtaining the benefits and protections of this state's laws.

10. Defendants were engaged in the business of providing to the public, and Plaintiff in particular, for compensation, vacation cruises aboard its vessels which travel worldwide.

## GENERAL ALLEGATIONS

11. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the vessel, M/S OOSTERDAM.

12. HAL is a common carrier and Plaintiff's claims of negligence herein fall within the parameters of 46 U.S.C. §30509 prohibitions against disclaimers and/or waivers. The statute's language is broad and unqualified, and it prohibits common carriers from limiting their liability for "personal injury or death caused by negligence or fault of the owner [of the passenger vessel] or the owner's employees or agents." See id. 30509(a)(1)(A).

13. On or about March 2, 2019, Plaintiff was a paying passenger on a HAL cruise ship, M/S OOSTERDAM, on a seven (7) day Western Caribbean cruise.

14. On the above referenced date, while Plaintiff was walking on Deck 9, inside the Lido Market she slipped and fell on a wet, slippery, and/or transitory substance on the floor.

15. As a direct and proximate result of the incident, Plaintiff sustained severe and permanent injuries.

16. Plaintiff was seen at the ship's medical facility where they could not take X-Rays of her right arm because the X-Ray machine was not working properly. Plaintiff was given Tylenol and Advil to alternate after four hours. Plaintiff was in severe pain and could not move or lift her right arm after leaving the medical facility.

17. Two days after Plaintiff's fall, her hip and arm were so swollen that she sought medical treatment at the ship's medical clinic again. The medical clinic could provide no further treatment and the X-Ray machine was still not functional.

18. Upon returning home, Plaintiff sought treatment and had an MRI performed of her right shoulder. The MRI revealed a full thickness retracted tear of the supraspinatus, a full thickness tear of the infraspinatus, and a proximal tear of her biceps tendon.

19. On May 14, 2019, she had arthroscopic surgery to repair the right rotator cuff and bicep tenotomy.

## COUNT ONE
## FOR NEGLIGENCE
### (Against All Defendants)

20. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-19, and alleges as follows.

21. At all times material, Defendants owed a duty to their passengers, including Plaintiff, to exercise reasonable care for the health, welfare, and safety of their passengers.

22. At all times material, Defendants, by and through their vessel, crew, agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, undertook to create a dangerous and hazardous condition.

23. At all times material, Defendants, by and through their vessel, crew, agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, were negligent, careless and breached their duty of care to Plaintiff, by committing the following acts and/or omissions, including, but not limited to:

   a. Failing to maintain the area clean and in dry condition; and/or

b. Allowing water and/or other slippery substance to fall on the floor surface; and/or

c. Failing to have a non-slip or non-skid surface on the floor area; and/or

d. Failing to warn Plaintiff of the danger of a wet and slippery floor area; and/or

e. Failing to place rubber mats or other non-slip covering in and around the area; and/or

f. Failing to provide non-skid floor surfaces in and around the area; and/or

g. Leaving a defect on the floor thereby obstructing and rendering hazardous a foreseeable path of travel; and/or

h. Failing to maintain the floor in a reasonably safe condition; and/or

i. Failing to adequately warn Plaintiff of the dangerous conditions on the subject area; and/or

j. Failing to keep and maintain the subject area in a reasonably safe condition; and/or

k. Failing to inspect the subject area; and/or

l. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants; and/or

m. Failing to adopt and implement proper and adequate policies, protocols and procedures for inspection of passenger transit areas, including the subject area; and/or

n. Failing to take feasible and reasonable steps to eliminate a dangerous condition which was known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants; and/or

o. Failing to have proper lighting in the area where the Plaintiff fell; and/or

p. Failing to provide Plaintiff with prompt, and proper medical care all of which aggravated plaintiff's injuries; and/or

    q. Failing to properly train crewmembers; and/or

    r. Failing to adopt and implement proper and adequate policies, protocols and procedures to prevent crewmembers from creating hazardous conditions to passengers; and/or

    s. Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation.

24. At all material times, HAL had exclusive custody and control of the above-named vessel.

25. At all material times, HAL created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

26. At all material times, HAL negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

27. The above conditions were neither open nor obvious to Plaintiff, and accordingly, HAL owed Plaintiff, the duty to warn and/or correct them.

28. As a direct and proximate result of HAL's negligence, Plaintiff was severely and permanently injured on or about March 2, 2019.

29. As a further and direct proximate result of Defendant HAL's negligence, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, mental anguish, inconvenience, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and for each of them, as follows:

1. For general and special damages according to proof;

2. For economic damages;

4. For prejudgment interest as allowed by law;

5. For costs of suit incurred herein;

6. For such other and further relief as the Court may deem proper.

                              NELSON & FRAENKEL, LLP

                              By: *s/Carlos F. Llinás Negret*
                                      Carlos F. Llinás Negret
                                      *Attorneys for Plaintiff*

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Date: July 2, 2021.

                              NELSON & FRAENKEL, LLP

                              By: *s/ Carlos F. Llinás Negret*
                                      Carlos F. Llinás Negret
                                      *Attorneys for Plaintiff*